IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MODULAR CONCRETE DOCKS, LLC., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 2:24-cv-04050-MDH |
| LONE STAR LODGE RESORT AND MARINA, LLC., | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiffs' Motion to Remand. (Doc. 5). The motion is fully briefed and ripe for review. Plaintiff filed a petition in the Circuit Court of Miller County, Missouri alleging claims of breach of contract and tortious interference against Defendant. Defendant removed the case and Plaintiff now moves to remand arguing there is a mandatory forum selection clause in the parties' agreement. After reviewing the record before the Court, and for the reasons set forth herein, the motion to remand is **GRANTED**.

## BACKGROUND

On February 23, 2023, Plaintiff filed a Petition in the Circuit Court of Miller County, Missouri. Plaintiff's lawsuit arises out of a project between the parties for Plaintiff to manufacture, deliver, and install large commercial grade wave attenuators and other related infrastructure at Defendant's facility on Lake Ray Roberts, located in Denton, Texas. The final written agreement, entered on April 4, 2021, covered the final phase of the project. Plaintiff alleges Defendant has failed to pay the outstanding balance for Plaintiff's work on the project pursuant to the agreement.

On March 29, 2024, Defendant filed a Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 stating the case meets the diversity of citizenship and amount in controversy

1

requirements. (Doc. 1). Defendant argues Plaintiff's wave attenuator was non-conforming and defective and as a result Plaintiff breached the agreement and Defendant refused to pay based on Plaintiff's breach.

## STANDARD

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Such courts can only hear cases that they are authorized to hear by the Constitution or a statute. *Id.* An action may be removed from state court to federal district court if the case falls within the original jurisdiction of the district court. 28 U.S.C. § 1441(a) and 1446(b). A removing defendant "bears the burden of establishing that the district court ha[s] original jurisdiction by a preponderance of the evidence." *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Id.*, citing *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010).

## DISCUSSION

Plaintiff moves to remand arguing that the parties' written agreement contains a mandatory forum selection clause. Section 4.3 of the contract, executed by the parties, states: "any legal action brought to enforce or interpret this agreement shall be brought in Miller County, Missouri." Plaintiff cites the language of the contract as requiring jurisdiction in state court. Defendant argues that the language does not prohibit removal.

"Parties to a contract may agree in advance to submit to the jurisdiction of a given court." See *Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 315-16 (1964). "Forum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching." *M.B. Restaurants, Inc. v. CKE Restaurants, Inc.*, 183 F.3d 750,

752 (8th Cir. 1999)("They are enforceable unless they would actually deprive the opposing party of his fair day in court.").

Defendant does not dispute the validity of the agreement or its execution. Rather, Defendant argues the forum selection clause is not mandatory and therefore Defendant has a right to remove the case to federal court. Defendant argues the agreement does not waive Defendant's right to removal. Specifically, Defendant argues that while the agreement specifies a forum it does not contain a waiver of the right to removal and as such the forum selection clause does not require the case be filed in Miller County. Citing *iNet Directories, LLC v. Developershed, Inc*., 394 F.3d 1081 (8th Cir. 2005); and *Weltman v. Silna*, 879 F.2d 425, 427 (8th Cir. 1989).

The Court is not persuaded by Defendant's arguments and finds the cases cited in its brief are distinguishable. Here, the parties' agreement contains the word "shall" in setting forth the forum selection. Further, the parties' agreement is not vague, ambiguous, or subject to interpretation and the forum selection clause should be given controlling weight. Defendant has not provided a reason that the forum selection provision should not be enforced.

The Court agrees with the reasoning set forth by Plaintiff. The agreement clearly states that Miller County, Missouri shall be the sole and exclusive venue for any legal action arising from the parties' agreement. Further, there is no federal court in Miller County, Missouri. The Court finds removal is improper.

## CONCLUSION

Wherefore, for the reasons set forth herein, the Motion to Remand is **GRANTED**. This action is remanded to the Circuit Court of Miller County, Missouri for further proceedings.

**IT IS SO ORDERED.**

DATED: May 13, 2024          /s/ Douglas Harpool
                             **DOUGLAS HARPOOL**
                             **UNITED STATES DISTRICT JUDGE**